FILED

JUN 0 4 2018

Clerk, U.S. District Court
District Of Montana
Missoula

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY BRYANT WICK,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, et al.,<br><br>Defendants. | CV 17-00148-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Randy Wick filed a Complaint pursuant to 42 U.S.C. § 1983 claiming his Fourth, Eighth, and Fourteenth Amendment rights were violated when he was tased by law enforcement officers on January 26, 2015. (Complaint, Doc. 1 at 6.) In its prior Order, the Court found that Wick stated a claim against Missoula Police Officers Campbell, Houppertm, Martini, and More but failed to state a federal claim against the State of Montana, Missoula County, and Sheriff McDermott. Wick was given an opportunity to amend his claims against Missoula County and Sheriff McDermott but was advised that the State of Montana would be dismissed in a subsequent order. (Doc. 7.)

1

Wick filed an Amended Complaint on May 3, 2018 naming only Defendants Campbell, Houppert, Martini and McDermott. (Doc. 10.) The Court has considered whether Wick's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Wick has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants Campbell, Houppert, and Martini will be required to respond to the Amended Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Wick names Sheriff McDermott for allegedly not training his officers but the individual officers named are City police officers and Sheriff McDermott oversees the County Sheriff's Department not the Missoula City Police Department. Sheriff McDermott will be recommended for dismissal.

2

Missoula County, the State of Montana, and Officer More will also be recommended for dismissal. Wick was advised in the Court's prior Order that the Amended Complaint replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Missoula County, the State of Montana, and Officer More were not named as Defendants in the Amended Complaint and as such they should be dismissed.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Campbell, Houppert, and Martini to waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall mail the following documents to:

Officers Campbell, Houppert, and Martini at the Missoula Police Department, 435 Ryman Street, Missoula Montana 59802:

* Complaint (Doc. 1);
* April 9, 2018 Order (Doc. 7);
* Amended Complaint (Doc. 10);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Wick <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a

4

scheduling order has been issued."

6. At all times during the pendency of this action, Wick must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

### RECOMMENDATIONS

Missoula County, Sheriff McDermott, Officer More, and the State of Montana should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Wick may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Wick is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of June, 2018.

                                                                             /s/ Jeremiah C. Lynch  
                                                                             Jeremiah C. Lynch  
                                                                             United States Magistrate Judge

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY BRYANT WICK,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, et al.,<br><br>Defendants. | CV 17-00148-M-DLC-JCL<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Officers Campbell, Houppert, and Martini
     Missoula Police Department
     435 Ryman Street
     Missoula Montana 59802

A lawsuit has been filed against you in this Court under the number shown above. A copy of the Amended Complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and

1

you will have 60 days from the date this notice is sent (see the date below) to answer the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Amended Complaint on you and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 7th June, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY BRYANT WICK,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, et al.,<br><br>Defendants. | CV 17-00148-M-DLC-JCL<br><br>Rule 4 Waiver of Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Amended Complaint (Doc. 10). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;   _____;

_____;   _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against him.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)